RYAN L. EDDINGS, Bar No. 256519
SYED H. MANNAN, Bar No. 328218
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA  93704.2225
Telephone:  (559) 244-7500
Fax No.:  (559) 244-7525
reddings@littler.com
smannan@littler.com

Attorneys for Defendant
FIRST TRANSIT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO GOMEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.; DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Action filed in State Court: 06/17/2020;<br>Los Angeles County Superior Court<br>Case No. 20STCV22910 |

**TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant FIRST TRANSIT, INC. ("First Transit" or "Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (First Transit's "Notice of Removal"). In support of its Notice of Removal, First Transit respectfully submits to this Honorable Court the following information:

### STATEMENT OF JURISDICTION (DIVERSITY)

1.  Removal jurisdiction exists because this Court has original jurisdiction over Plaintiff OCTAVIO GOMEZ ("Plaintiff") Complaint pursuant to 28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither Plaintiff nor any Defendant are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at the time the Complaint was filed in the Los Angeles County Superior Court and is not currently a citizen of either Delaware or Ohio. At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio. As set forth herein, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## STATE COURT ACTION

2.      On or about June 17, 2020, Plaintiff filed this action in the Los Angeles County Superior Court, titled *Octavio Gomez, an individual v. First Transit, Inc., and Does 1 through 20, inclusive*, Case Number 20STCV22910, which is attached hereto as Exhibit A.  The Complaint was served on First Transit on July 10, 2020. *See* concurrently-filed Declaration of Syed H. Mannan ("Mannan Decl."), at ¶ 2.

3.      Plaintiff's Complaint purports to assert thirteen causes of action against Defendant for: (i) harassment in violation of California Government Code section 12940 *et seq.*; (ii) retaliation in violation of Government Code section 12940 *et seq.*; (iii) retaliation in violation of Labor Code section 98.6, 232.5, and 1102.5 *et seq.*; (iv) failure to prevent discrimination, harassment, and retaliation in violation of California Government Code section 12940(k); (v) wrongful termination in violation of public policy; (vi) failure to pay regular and minimum wages in violation of California Labor Code section 200, 201, 1182.12, 1194, 1194.2, 1197, and the Los Angeles Municipal Code sections 187, *et seq.*; and (vii) failure to pay overtime compensation in violation of California Labor Code section 510, (vii) failure to provide meal and rest breaks in violation of California Labor Code sections 226.7 and

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

2.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

512; (ix) failure to provide itemized wage and hour statements in violation of California Labor Code section 226 *et seq.*, (x) waiting time penalties, (xi) failure to permit inspection of personnel and payroll records in violation of California Labor Code section 226 and 1198.5; (xii) penalties under the Private Attorney General Act under Labor Code section 2699; and for (xiii) unfair competition in violation of the Business and Professions Code section 17200 *et seq.*

4.     Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about August 6, 2020. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B. The remaining submissions in this action remaining on file are attached hereto as Exhibit C.

**TIMELINESS OF NOTICE OF REMOVAL**

5.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served his Complaint on July 10, 2020. Mannan Decl., at ¶ 2. Therefore, Defendant can remove this action up to August 10, 2020. *See* Fed. R. Civ. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

**VENUE**

6.     Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within Los Angeles County, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

3.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## NOTICE TO PLAINTIFF

7.      As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. *See* Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.

## NOTICE TO THE SUPERIOR COURT

8.      Defendant also filed its Notice of Removal with the Clerk of the Los Angeles County Superior Court, attached hereto as Exhibit E.

## FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

9.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that he is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

### A.      Citizenship of Parties

10.      Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. Complaint, ¶ 2 ("Plaintiff, OCTAVIO GOMEZ, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.")

11.      Defendant is a corporation duly organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Cincinnati, Ohio. *See* concurrently-filed Declaration of Zack Deukmajian ("Deukmajian Decl."), at ¶ 3.     Defendant is a citizen of Delaware and Ohio. Defendant is not a citizen of California.

### B.      Amount in Controversy

12.      Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

*Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

13.   Here, Defendant reasonably and in good faith believes that the amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on his claims for violations of the California Labor Code and for wrongful termination in violation of public policy, he would be entitled to recover the amount he would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970).

14.   Here, Plaintiff alleges that he was employed by Defendant as driver beginning on November 1, 2017. Complaint, ¶ 17 ("On or around November 1, 2017 Defendants hired Plaintiff to work as a member of FIRST TRANSIT'S staff as a driver.") Plaintiff further alleges that Defendant terminated Plaintiff's employment on or about July 20, 2019.  Complaint, ¶ 17 ("Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was ultimately terminated on or about July 20, 2019.") Plaintiff alleges that his daily average wage was $118.00. Complaint, ¶ 139 ("Plaintiff is entitled to payment of

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1   Plaintiff's regular wages, overtime, meal and rest periods as previously pleaded
2   herein, at his daily average wage of $118.00.") Plaintiff seeks lost income from the
3   date of his last date of employment on or about July 20, 2019, through to the present
4   and into the future. *See, e.g.*, Complaint, pp. 30:1-6 (seeking a prayer for relief as to
5   the first, second, fourth, and fifth causes of action, "[f]or a money judgment
6   representing compensatory damages including lost wages, earnings, commissions,
7   retirement benefits, and other employee benefits."). As of the date of this Notice of
8   Removal, it has been approximately 385 days since Plaintiff's separation of
9   employment with Defendant. Assuming Plaintiff worked five of seven days per week
10  (385 ÷ 7 x 5), Plaintiff alleges he experienced 275 days without pay. Given Plaintiff's
11  average daily wage ($118.00), as alleged in the Plaintiff's Complaint, as well as the
12  number of days since Plaintiff's separation of employment with Defendant (275 days),
13  Plaintiff alleges to have suffered at least $32,450.00 in damages in the form of lost
14  income alone as of the date of this filing ($118.00 x 275 days), with the damages
15  continuing into the future through trial continuing at least the rate of $590 per week
16  ($118 x 5 days per week). Each year of front pay amounts to $30,680 ($590 per week
17  x 52 weeks). Although Defendant denies each of Plaintiff's allegations, if Plaintiff
18  were to prevail on these claims, the lost income claim alone would exceed $93,810
19  ($30,680 in back pay plus two years of front pay at $30,680 per year).

20          14.     Plaintiff further seeks recovery of overtime compensation for the
21  Defendant's alleged failure to pay overtime wages. Plaintiff alleges that the amount
22  owed to Plaintiff is approximately $25,000. Complaint, ¶ 117 ("For the entirety of the
23  time periods set forth above, Plaintiff is owed overtime wages in the amount of
24  approximately $25,000.00.") While Defendant vigorously denies the Plaintiff's
25  allegations, Plaintiff's claim for overtime compensation further establishes that the
26  amount put in controversy will more likely than not exceed the jurisdictional
27  minimum of $75,000.

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

15.     Plaintiff also seeks recovery of $20,000 in civil penalties associated with his claim for retaliation under California Labor Code sections 98.6, 232.5, 1102.5, *et seq.* Complaint, ¶¶ 79-80. The total claim for civil penalties put into controversy, then, amounts to $20,000.

16.     Plaintiff also seeks additional compensation for the Defendant's alleged failure to provide proper meal and breaks. Plaintiff alleges that the amount owed to Plaintiff is $5,258.40, itemized to include compensation for alleged nonpayment of premiums for 440 unpaid rest breaks and 440 unpaid meal breaks. Complaint, ¶¶ 126-127. Although Defendant denies Plaintiff's allegations, the amount put into controversy on the basis of the Plaintiff's rest and meal period claim amounts to $5,258.40.

17.     Plaintiff also alleges that Defendant failed to pay Plaintiff's accrued wages, and that the Defendants' failure entitles Plaintiff to waiting time penalties. Complaint, ¶ 137-139.  As a result, Plaintiff alleges that he is entitled to approximately $3,540.00 in statutory penalties. Complaint, ¶ 138. Although Defendant denies Plaintiff's allegations, this amount further augments the amount put in controversy by at least $3,540.00, and establishes that the amount put in controversy more likely than not will exceed the jurisdictional minimum of $75,000.

18.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with his claims. Complaint, ¶¶ 58, 70, 83, 89, 110, 119, 135, 139. Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

7.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if he were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. *See Mitchell v. GigOptix, LLC*, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

19.    The amount in controversy also includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony, supra*, 75 F.3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that she is entitled to punitive damages for Defendant's alleged misconduct, but does not provide a total amount of the alleged punitive damages sought. *See* Complaint ¶¶ 47, 57, 69, 82, 88, 71, 82, 102. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the punitive damages alone could exceed the jurisdictional minimum.

20.    Plaintiff also seeks damages for emotional distress in connection with his claims. *E.g.*, Complaint, ¶ 44 ("As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression . . . .") Plaintiff's claim for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See*

8.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive and statutory damages, and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

21.    Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, $225,838.40, as of the date of this Notice of Removal. This sum is reflective of a potential amount put in controversy of at least: (1) $30,680 in lost income to date; (2) $61,360 for two years of front pay; (3) $25,000 for recovery of overtime compensation; (4) $20,000 in civil penalties; (5) $5,258.40 for the alleged nonpayment of rest and meal break premiums; (6) $3,540.00 in waiting time penalties;

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

9.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

(7) $25,000 in a possible award of punitive damages; and (8) $30,000 in attorney's fees; and (9) $25,000 for the alleged emotional distress.

        22.     Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

        WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of Los Angeles, to the United States Court for the Central District of California.

Dated:  August 7, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

4834-5377-8628.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

10.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT "A"

Case 2:20-cv-07123-GW-SK Document 1 Filed 08/07/20 Page 12 of 107 Page ID #:12
20STCV22910
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2020 02:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Ruben Guerra, Esq. (SBN 291446)
Tizoc Perez-Casillas, Esq. (SBN 309981)
**GUERRA & CASILLAS, LLP**
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Telephone: (213) 437-9495
Facsimile: (213) 342-5503
ruben@guerracasillas.com
tizoc@guerracasillas.com

Attorneys for Plaintiff,
OCTAVIO GOMEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| OCTAVIO GOMEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 20STCV22910<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **RETALIATION LABOR CODE §§98.6, 232.5, 1102.5, ET SEQ.**<br><br>4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>6. **FOR FAILURE TO PAY REGULAR AND MINIMUM WAGES (CAL. LABOR CODE §§ 200, 201, 1182.12, 1194, 1194.2, 1197, L.A. MUNICIPAL CODE §§ 187, ET SEQ.)**<br><br>7. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194, 1197 and 1197.1);**<br><br>8. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);** |

-1-

9. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

10. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**

11. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §§226, 1198.5);**

12. **PRIVATE ATTORNEY GENERAL ACT LABOR CODE §2699**

13. **UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE §§17200,ET SEQ.**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, OCTAVIO GOMEZ, and for causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

**THE PARTIES**

2.     Plaintiff, OCTAVIO GOMEZ, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant FIRST TRANSIT, INC. (hereinafter referred to as "FIRST TRANSIT") was and is an Delaware corporation doing business in California at 1950 E. Washington Street, Los Angeles, in the County of Los Angeles, State of California.

-2-

COMPLAINT FOR DAMAGES

1        4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

2    hereto, Employers owned and operated a public transit business.

3        5.      At all times relevant herein, FIRST TRANSIT and DOES 1-20 were Plaintiff's employers,

4    joint employers and/or special employers within the meaning of Government Code §§12926, subdivision

5    (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more

6    persons and are therefore subject to the jurisdiction of this Court.

7        6.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint

8    employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

9    Commission Order No. 9-2001, and are each an "employer or other person acting on behalf of an

10   employer" as such term is used in Labor Code section 558 and/or 558.1, and liable to Plaintiff on that

11   basis.

12       7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of

13   the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

14   said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to

15   insert the true names and capacities of said Defendants when the same become known to Plaintiff.

16   Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

17   Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as

18   alleged hereinafter.

19       8.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

20   hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

21   coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

22   other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

23   within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

24   successor status and/or joint venture and with the permission and consent of each of the other Defendants.

25       9.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

26   of them, including those defendants named as DOES 1-20, acted in concert with one another to commit

27   the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

28   wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code

§12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

1         c.      Employers and DOES 1-20, while really one and the same, were segregated to

2 appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

3 accomplishing some other wrongful or inequitable purpose.

4         d.      Employers do not comply with all requisite corporate formalities to maintain a

5 legal and separate corporate existence.

6         e.      The business affairs of Employers and DOES 1-20 are, and at all times relevant

7 were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in

8 inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and

9 DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and

10 were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of

11 Defendants would not promote justice, in that it would permit Defendants to insulate themselves from

12 liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate

13 existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice

14 because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15      14.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the

16 fiction of their separate corporate existence must be disregarded.

17      15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

18 thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

19 enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services

20 for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants

21 shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which

22 Defendants' business was and is conducted.

23      16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

24 between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of

25 assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other

26 Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts

27 to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere

28 continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for

1   the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES

2   1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

3

4                                   **FACTUAL ALLEGATIONS**

5   **AGE DISCRIMINATION AND RETALIATION**

6          17.     On or around November 1, 2017 Defendants hired Plaintiff to work as a member of FIRST

7   TRANSIT's staff as a driver.  Plaintiff was a full-time, non-exempt employee, and performed all of

8   Plaintiff's job duties satisfactorily before Plaintiff was ultimately terminated on or about July 20, 2019.

9   At the time of his termination, Plaintiff was 70 years old.

10         18.     As a driver for FIRST TRANSIT, Plaintiff was in charge of driving a multi-passenger

11  vehicle in which he was tasked to transport persons who were elderly or disabled.  The routes were

12  predetermined whereby Plaintiff was scheduled to arrive at a particular stop at a certain time.  Because

13  of traffic or other intervening variables, arriving at a stop at a particular time with exactitude was not

14  always possible; however, Plaintiff typically arrived within a reasonable approximation, usually within 2

15  or 3 minutes prior to or after the schedule arrival time.

16         19.     For months prior to Plaintiff's termination, Defendant, by and through its management,

17  agents, or other employees, knowingly and intentionally began to discriminate and harass Plaintiff by

18  imposing groundless and baseless discipline and eventually terminated him for the purpose of replacing

19  him with younger employees.

20         20.     Frequently during Plaintiff's tenure, "Valerie," the Road Supervisor, would tail or follow

21  closely behind Plaintiff, while he was on his route and hyperscrutinize Plaintiff's driving.  Valerie would

22  force Plaintiff to pull over by signaling him to do so, and then she would board the passenger vehicle he

23  was driving to chastise Plaintiff in front of passengers.  Valerie yelled at Plaintiff in such a loud and rude

24  manner that some of the passengers, who were regular passengers, voiced concern as to why she felt it

25  necessary to address Plaintiff that way.

26         21.     On one such occasion, Valerie accused Plaintiff of being 15 minutes too early, which was

27  false.  In fact, Plaintiff had not even been on his route for 15 minutes, so it would have been impossible

28  for him to be that early.

                                              -6-
                                   COMPLAINT FOR DAMAGES

22.    On a separate occasion, Valerie again tailed Plaintiff and forced him to stop while he was on his route. She yelled at him in front of the passengers again and accused him of "capping," meaning he had purposely taken a shortcut in an effort to avoid picking up passengers. This was patently false, and Plaintiff is informed and believes and thereon alleges that Valerie knew this to be false. The truth was that the roads were being repaired on Plaintiff's regular route, which necessarily required him to take an alternate route, pursuant to the "detour" signs posted on the road. Plaintiff had previously informed Defendant that a "re-route" was required because of the road work, but that did not stop Valerie from making these knowingly false accusations against Plaintiff.

23.    Another one of the Route Supervisors, "Margarita," also engaged in similar harassing conduct. For example, she accused Plaintiff of refusing to pick up a passenger who was in a wheelchair, but that too was false. She yelled at Plaintiff in front of his coworkers prior to the start of his shift.

24.    In or around July 2019, Plaintiff complained about the harassment, the obvious false accusations, the frequent tailing and stops while he was on his route, and he complained about not having received his breaks on time or a premium payment in lieu thereof, and complained about not having been properly for hours worked. He made these complaints to "Bert," to "Heidi," and to "Narcisa," all of whom were in positions of authority and could and should have acted to remedy and/or prevent further harassment, retaliation, and discrimination, which they failed to do.

25.    On or around July 3, 2019, Plaintiff was terminated from his position at FIRST TRANSIT.

26.    Defendants harassed and retaliated against Plaintiff by subjecting him to a hostile work environment as set forth above, by failing to take action on the harassment as it was reported by Plaintiff, and finally by terminating him from his position after he reported the harassing and hostile behaviors to his superiors.

27.    Plaintiff's termination was substantially motivated by Plaintiff's age, engagement in protected activities, and/or his complaints about wage and hour violations. Defendants failed to address in any meaningful or effective manner, failed to remedy, and failed to prevent such unlawful conduct as alleged herein against Plaintiff.

-7-

## WAGE & HOUR VIOLATIONS

28. During Gomez's tenure with Employer, he worked over 8 hours per day on certain days and/or in excess of 40 hours per week but was not paid the requisite overtime pay.

29. Since his hiring in November 2017, Plaintiff was regularly required to come in earlier than the start of their shift, approximately fifteen (15) minutes early each day that he worked. Plaintiff was not compensated for this earlier start time that he worked.

30. Additionally, on Saturday, Gomez was not paid for all hours he worked, at least one hour each Saturday.

31. In addition, Gomez worked split shifts from approximately November 10, 2017 to August 17, 2018. IWC Wage Order No. 9, Section 4(C), requires that an employee who works a split shift be paid an additional hour's pay at the minimum wage, but Employer failed to pay those premiums for the split shifts that Plaintiff worked.

32. From approximately August 17, 2018 through Marcy 24, 2019, Employer failed to lawfully provide Plaintiff with 10-minute rest breaks for every four (4) hours of work, or majority portion thereof, throughout his employment. Employer failed to pay Plaintiff one (1) additional hour of pay at Plaintiff's regular rate of compensation for each workday that one or more statutory rest breaks were not provided, at least for part of the duration that Plaintiff was employed with Employer.

33. From approximately August 17, 2018 through Marcy 24, 2019, Employer failed to lawfully provide Plaintiff with 30-minute meal breaks for every five (5) hours of work, or majority portion thereof, throughout his employment. Employer failed to pay Plaintiff one (1) additional hour of pay at Plaintiff's regular rate of compensation for each workday that a statutory meal break was not provided, at least for part of the duration that Plaintiff was employed with Employer.

34. Plaintiff is also informed and believes and thereon alleges that he had at least five (5) accrued vacation days or forty (40) hours, which were never paid to him, even after he was terminated.

35. Plaintiff's hourly rate was set by the State of California's minimum wage requirements.

36. Employer failed to provide Plaintiff with itemized wage and hour statements that fully or accurately state (1) the gross wage earned, (2) total hours worked by employee (3) net wages earned (4)

and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

37. Plaintiff's pay stubs failed to include all hours worked and omitted the hourly rate for those excluded hours, rendering both the stated gross wages and net wages false and inaccurate.

38. Employer also necessarily failed to keep a copy of the required accurate, itemized statements on file for at least three (3) years at the place of employment or a central location within the State of California.

39. Employer willfully failed to pay Plaintiff earned wages when they became due. Not only did his paycheck not include all the hours he worked, or the appropriate overtime rates, but also, Employer failed to pay the wages when due and failed to make corrections by paying the earned wages within the following work period's paycheck.

40. Employer willfully failed to pay Plaintiff earned and due wages upon separation of employment, either immediately upon involuntary termination, or within 72 hours of resignation. To date, Employer has not paid all wages earned and due following the separation. The earned but unpaid wages include, minimum wages, regular wages earned but not paid, overtime wages and all wages due and owing at the end of employment.

41. Employer failed to allow Plaintiff to keep track of accrued sick time, to use said accrued sick time, and retaliated against him after exercising right sick leave.

42. Employer retaliated against and harassed Plaintiff for exercising his rights under the Labor Code. Specifically, Plaintiff complained that his check was missing hours, that his breaks were not being permitted pursuant to law, that his meal breaks were not being permitted pursuant to law, that he was not being paid for split shifts, that he was being accused and written up for things that were false and/or out of his control, that he was not being allowed sick time usage, and that he was generally being placed in an intolerable work environment.

## GENERAL ALLEGATIONS

43. Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for

1  Defendants. The aforementioned conduct of said managing agents and individuals was therefore
2  undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of
3  said individuals whose actions and conduct were ratified, authorized, and approved by managing agents
4  whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated
5  herein as DOES 1 through 20, inclusive.

6      44.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
7  and special damages, including severe and profound pain and emotional distress, anxiety, depression,
8  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
9  counseling and treatment, and past and future lost wages and benefits.

10      45.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
11  commissions, benefits and loss or diminution of earning capacity.

12      46.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
13  sum in excess of the jurisdictional minimum of this Court.

14      47.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or
15  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
16  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
17  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
18  Court.

19  **FIRST CAUSE OF ACTION**

20  **FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

21  **AGAINST ALL DEFENDANTS**

22      48.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as
23  though set forth in full herein.

24      49.    At all times hereto, the FEHA was in full force and effect and was binding upon
25  Defendants and each of them.

26      50.    As such term is used under FEHA, "on the bases enumerated in this part" means or
27  refers to harassment on the bases of one or more of the protected characteristics under FEHA, including
28  as alleged here, age and engagement in protected activity.

1    51.    These laws set forth in the preceding paragraph require Defendants to refrain from

2    harassing, or creating, or maintaining a hostile work environment against an employee based upon the

3    employee's engagement in protected activities, as set forth hereinabove.

4    52.    Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff,

5    and a reasonable person in Plaintiff's circumstances would have considered the work environment to

6    be hostile or abusive.

7    53.    Defendants violated the FEHA and the public policy of the State of California which is

8    embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of

9    Plaintiff's engagement in protected activities as set forth hereinabove.

10   54.    The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants

11   knew or should have known of the conduct but failed to take immediate and appropriate corrective

12   action.

13   55.    The above said acts of Defendants constitute violations of the FEHA and violations of

14   the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's

15   damage as stated below.

16   56.    The damage allegations of Paragraphs 44 through 47, inclusive, are herein incorporated

17   by reference.

18   57.    The foregoing conduct of Defendants individually, or by and through their officers,

19   directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

20   was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

21   rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

22   rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

23   Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

24   58.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

25   attorneys' fees and costs, including expert fees pursuant to the FEHA.

26

27

28

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

59.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

60.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

61.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

62.     Plaintiff engaged in the protected activities of complaining about and protesting Defendants' harassing conduct towards Plaintiff based upon Plaintiff's engagement in protected activities.

63.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent harassment, and termination, and was harmed thereby.

64.     Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

65.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

66.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

67.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

68.     The damage allegations of Paragraphs 44 through 47, inclusive, are herein incorporated by reference.

69. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

### RETALIATION

### LABOR CODE §§98.6, 232.5, 1102.5, ET SEQ.

### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

71. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

72. Labor Code §98.6(a) prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who, among other things, has exercised his or her rights under that Chapter, including conduct delineated in Chapter 5 of the Labor Code, which encompasses §1102.5. An employee who has been discharged or retaliated against in violation of Labor Code §98.6 is entitled to recovery of a civil penalty against the employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

73. At all relevant times, Labor Code §232.5 was in full force and effect and binding on Defendants. Labor Code §232.5(b) prohibits an employer from discharging, formally disciplining, or otherwise discriminating against an employee who discloses information about the employer's working conditions.

74. At all relevant times, Labor Code §1102.5 was in full force and effect, and was binding on Defendants. Labor Code §1102.5(b) prohibits an employer, or any person acting on behalf of the employer, from discharging an employee or in any manner discriminating or retaliating against, or taking

1  any adverse action against, an employee because, among other things, the employee disclosed, *or because*

2  *the employer believes that the employee disclosed or may disclose*, information to a government or law

3  enforcement agency, or to a person with authority over the employee or another employee who has the

4  authority to investigate, discover, or correct the violation or noncompliance, if the employee has

5  reasonable cause to believe that the information discloses a violation of state or federal statute, or

6  violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether

7  disclosing the information is part of the employee's job duties. An employee who has been discharged or

8  retaliated against in violation of Labor Code §1102.5 is entitled to recovery of a civil penalty against the

9  employer in an amount not exceeding ten thousand dollars ($10,000.00) for each violation of that section.

10     75.    Sections 98.6, 232.5, and 1102.5 create an entitlement to recovery by Plaintiff in a civil

11  action for the unlawful actions by Defendants.

12     76.    Plaintiff was terminated from his employment with Defendants as a result of his exercise

13  of his rights under Labor Code §§98.6 and 1102.5, et seq. Defendants' retaliatory animus is evidenced

14  by, among other things: because Plaintiff complained about wage and hour violations, including not being

15  paid all his hours, Defendants' refusal to correct his paycheck, and those allegations set forth in

16  Paragraphs 17 through 42, all of which Plaintiff believed and/or knew to be illegal; Defendants

17  mistreated, harassed and terminated Plaintiff.

18     77.    Plaintiff's reports of these violations were a motivating and contributing factor for the

19  adverse employment actions by Defendants against Plaintiff.

20     78.    The damage allegations of Paragraphs 44 through 47, inclusive, are herein incorporated

21  by reference.

22     79.    As a result of Defendants' actions, Plaintiff is entitled to a civil penalty of $10,000.00 for

23  Defendants' violations of Labor Code §§ 98.6.

24     80.    As a result of Defendants' actions, Plaintiff is entitled to a civil penalty of $10,000.00 for

25  Defendants' violations of Labor Code §§ 1102.5.

26     81.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by

27  Defendants, and Defendants' officers and/or managing agents, and those identified herein as DOES 1-

28  20, who were authorized and empowered to make decisions that reflect and/or create policy for

-14-

1  Defendants.   The aforementioned conduct of said managing agents and individuals was therefore
2  undertaken on behalf of Defendants.  Defendants further had advanced knowledge of the actions and
3  conduct of said individuals whose actions and conduct were ratified, authorized, and approved by
4  managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified
5  and designated herein as DOES 1-20, inclusive.

6      82.  Because the acts taken toward Plaintiff were carried out by managerial employees acting
7  in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and
8  in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against
9  Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

10      83.  Plaintiff is also entitled to reasonable attorneys' fees and costs, pursuant to Labor Code
11  §§ 98.7(e), 1102.5, et seq., 2699(g)(1); and Civil Code § 1021.5, or any other applicable statute.

12
13  **FOURTH CAUSE OF ACTION**
14  **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**
15  **IN VIOLATION OF GOV'T CODE §12940(k)**
16  **AGAINST ALL DEFENDANTS**

17      84.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as
18  though set forth in full herein.

19      85.  At all times hereto, the FEHA, including in particular Government Code §12940(k),
20  was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on
21  Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation
22  from occurring.  As alleged above, Defendants violated this subsection and breached their duty by
23  failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from
24  occurring.

25      86.  The above said acts of Defendants constitute violations of the FEHA, and were a
26  proximate cause in Plaintiff's damage as stated below.

27      87.  The damage allegations of Paragraphs 44 through 47, inclusive, are herein incorporated
28  by reference.

-15-

88.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

89.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR WRONGFUL TERMINATION

## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST ALL DEFENDANTS

90.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

91.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, actual or perceived disability, actual or perceived medical condition, anticipated use of medical leave, and engagement in protected activities.

92.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age and/or engagement in protected activities, or because the employee resisted what he reasonably believed were illegal practices.

93.     Plaintiff believes and thereon alleges that Plaintiff's engagement in protected activities were factors in Defendants' conduct as alleged hereinabove.

94.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of engagement in protected activities were a proximate cause in Plaintiff's damages as stated below.

95.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

96.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee in violation of basis.

97.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of a protected class or classes under FEHA was a proximate cause in Plaintiff's damages as stated below.

98.     At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code. Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual employees and job applicants who could not otherwise afford to protect themselves from violations of the Labor Code.

99.     At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself. Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the employee's suspicions are correct that the challenged conduct actually violates some law. Indeed, the law in California is that an employee's good faith but mistaken belief in the illegality of his co-workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing context.

100.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiffs' engagement in protected activities under Labor Code §§ 98.6 and/or 1102.5 was a proximate cause in Plaintiffs' damages as stated below.

101.    The damage allegations of Paragraphs 44 through 47, inclusive, are herein incorporated by reference.

102.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## SIXTH CAUSE OF ACTION

### FOR FAILURE TO PAY REGULAR AND MINIMUM WAGES

### LABOR CODE §§ 200, 201, 1182.12, 1194, 1194.2, 1197, L.A. MUNICIPAL CODE §§ 187, et seq.

### AGAINST ALL DEFENDANTS

103.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

104.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiffs are entitled to at least the minimum wage for every hour worked.

105.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  Moreover, "an employee's 'wages' or 'earnings' are the amount the employer has *offered or promised to pay*, or has paid pursuant to such offer or promise, as compensation for that employee's labor."  See *Prachasaisoradej v. Ralphs Grocery Co., Inc.* (2007) 42 Cal.4th 217, 228 (emphasis original).

106.    The applicable minimum wage for Los Angeles, California[1] is as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| 7/1/19    | $14.25        | $13.25         |
| 7/1/18    | $13.25        | $12.00         |
| 7/1/17    | $12.00        | $10.50         |

107.    In the four years immediately preceding the filing of this complaint, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12, as well as his regular wages, in each of the following ways:

a.    Plaintiff worked for a wage less than the required minimum wage pursuant to Los Angeles Municipal Code § 187.02.

b.    Plaintiff worked split shifts from approximately November 10, 2017 to August 17, 2018, and should have been paid at least one (1) hour for that split shift;

c.    From November 10, 2017 until his termination on or around July 3, 2019, Plaintiff was required (along with other employees) to work off the clock at least 15 minutes each morning before his shift started Monday through Friday, for which he was never compensated;

d.    From November 10, 2017 until his termination on or around July 3, 2019, Plaintiff worked an additional hour on Saturdays, for which he was never compensated;

e.    Defendants failed to pay out Plaintiff's accrued and owed vacation pay.

108.    Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

109.    Plaintiff is owed unpaid regular and minimum wages in the amount of approximately $35,000.00.

110.    Pursuant to Labor Code §1194, Plaintiffs requests that the court award reasonable attorneys' fees and costs incurred by Plaintiffs in this action.

---

[1] Los Angeles Municipal Code §§ 187, et seq.

111. In addition, pursuant to Labor Code §1194.2, Plaintiffs are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $20,000, plus interest thereon.

## SEVENTH CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## LABOR CODE §§510
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

112. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

113. Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

114. At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

115. At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

116. In the last four years, Plaintiff worked approximately an average of 9.25 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regular hourly wage rate at that time. Defendants failed to pay Plaintiff the requisite overtime wages.

117. For the entirety of the time periods set forth above, Plaintiff is owed overtime wages in the amount of approximately $25,000.00.

118.    As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

119.    Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE MEAL AND REST BREAKS
### LABOR CODE §§226.7, 512
### AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

120.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

121.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

122.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

123.    In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.

124.    Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.

125.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of

-21-

1  pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each
2  day that Plaintiff was denied such rest periods, calculated as follows:

3      126.    Throughout, Plaintiff's employment he was deprived of his lawful meal and rest
4  periods; however, from approximately August 17, 2018 to March 24, 2019, approximately 31.3 weeks,
5  Plaintiff was not paid a premium in lieu of his meal and rest periods. Since Plaintiff typically worked
6  6 days per week, that amounts to approximately 440 unpaid breaks and 440 unpaid meal periods.

7      127.    Plaintiff estimates that he is owed $5,258.40 in unpaid meal and rest period premiums,
8  plus interest, pursuant to Labor Code §§ 226.7 and 512.

9      128.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and
10  rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

11

12                            **NINTH CAUSE OF ACTION**
13      **FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**
14                          **LABOR CODE §§ 226 ET SEQ.**
15             **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

16      129.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as
17  though set forth in full herein.

18      130.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-
19  exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,
20  total deductions and net wages earned. An employer who violates these code sections is liable to its
21  employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for
22  the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay
23  period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is
24  deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage
25  statement at all.

26      131.    At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate
27  wage and hour statements showing gross wages earned, total hours worked, all deductions made, net
28  wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours

1  and rates in effect during each pay period and the corresponding number of hours worked at each hourly

2  rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants

3  knowingly and intentionally, not inadvertently, failed to provide Plaintiff with accurate paystubs, and

4  for a certain period of time failed to provide any paystubs at all, and instead paid Plaintiff entirely in

5  cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs

6  that Plaintiff received complied with Labor Code §226, and failed to contain the required information.

7          132.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

8          133.    This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour,

9  wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense

10  in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is

11  entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties,

12  eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information

13  by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's

14  entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not

15  provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

16          134.    Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the

17  statutory maximum amount of $4,000.00.

18          135.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and

19  statutory penalties pursuant to Labor Code §226, and other applicable provisions, as well as attorneys'

20  fees and costs.

21

22                              **TENTH CAUSE OF ACTION**

23                          **FOR WAITING TIME PENALTIES**

24                             **LABOR CODE §§201-203**

25            **AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

26          136.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as

27  though set forth in full herein.

28

                                        -23-

137.   At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

138.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

139.   As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's regular wages, overtime, meal and rest periods as previously pleaded herein, at his daily average wage of $118.00, or approximately $3,540.00, in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

### LABOR CODE §§226, 1198.5

### AGAINST ALL DEFENDANTS

140.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43, inclusive, as though set forth in full herein.

141.   Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

142.   Labor Code §226 requires an employer, within twenty-one (21) days of a written request thereof, to allow inspection or to provide a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

143.   On November 13, 2019, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

144.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

145.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

146.    As a result of Defendants' failure and refusal to comply with Labor Code §226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

147.    Pursuant to Labor Code §§1198.5(*l*) and 226(h), Plaintiff requests a reasonable award of attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION
## FOR PENALTIES PURSUANT TO THE PRIVATE ATTORNEY GENERAL ACT
## LABOR CODE §2699
## ON BEHALF OF ALL AGGRIEVED EMPLOYEES
## AGAINST ALL DEFENDANTS

148.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

149.    Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of herself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

150.    Plaintiff and the Classes are aggrieved employees within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against the Classes, as previously pleaded in this Complaint.

151.    On January 9, 2020, and more than 63 calendar days before filing this First Amended Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a) by citing the

-25-

1 specific provision of the Labor Code alleged to have been violated, including the facts and theories

2 sufficient to support the alleged violations.

3     152. Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code

4 §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such, Labor

5 Code §2699.3(a) and §2699.3(c) apply to this action.

6     153. As of the filing of this Complaint, Plaintiff has not received any response from the Labor

7 and Workforce Development Agency on its intent to pursue an action against Defendants.

8 Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

9     154. Further, as of the filing of this Complaint, Plaintiffs have not received from Defendants

10 written notice by certified mail that the alleged violations have been cured, including a description of

11 the actions taken. As such, Plaintiffs have complied with Labor Code §2699.3(c) and have been given

12 authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor

13 Code §2699.

14 **PENALTIES**

15     155. Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor Code

16 that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development

17 Agency ("LWDA") (or any of its departments, divisions, commissions, board agency or employees), such

18 civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved

19 employee on behalf of himself or herself and other current or former employees) and Labor Code

20 §2699(f) (which establishes a civil penalty for violations of all Labor Code provisions except those which

21 a civil penalty is specifically provided), the aggrieved employees seek recover of all applicable civil

22 penalties, as follows:

23     a. As applicable, civil penalties under Labor Code §2699(f), for all violations of the

24 Labor Code except for those for which a civil penalty is specifically provided, in the amount of one

25 hundred dollars ($100.00) for each aggrieved employee per period for the initial violation; and two

26 hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

27     b. As applicable, civil penalties under Labor Code §558 (in addition to and entirely

28 independent and apart from any other penalty provided for in the Labor Code), for violations of Labor

1   Code §§1-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the
2   aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and
3   $100 for each subsequent violation for each underpaid employee for each pay period for which the
4   employee was underpaid; and also an additional amount sufficient to recover under paid wages as
5   penalties, with all wages recovered pursuant to Labor Code §557 paid to the aggrieved employees;

6       c.      As applicable, civil penalties under Labor Code §1197.1 (in addition to and
7   entirely independent and apart from any other penalty provided in the Labor Code) for violations of Labor
8   Code §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay
9   period the aggrieved employee was intentionally underpaid in addition to an amount sufficient to recover
10  underpaid wages, and $250 for each subsequent violation for each underpaid aggrieved employees
11  regardless of whether the initial violation was intentionally committed in addition to an amount sufficient
12  to recover underpaid wages, with all wages recovered pursuant to Labor Code §1197.1;

13      d.      As applicable, civil penalties under Labor Code §210 (in addition to and entirely
14  independent and apart from any other penalty provided in the Labor Code), for each employee who is/was
15  not paid wages in accordance with Labor Code §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5,
16  in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial
17  violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

18      e.      As applicable, civil penalties under Labor Code §225.5 (in addition to and entirely
19  independent and apart from any other penalty provided in the Labor Code), for each violation of Labor
20  Code §221, in the amount of $100 for each aggrieved employee per pay period for each violation; and
21  $200 for each aggrieved employee per pay period for each subsequent violation plus 25 percent of the
22  amount unlawfully withheld;

23      f.      As applicable, civil penalties under Labor Code §226.3 (in addition to and entirely
24  independent and apart from any other civil penalty provided in the Labor Code), for each violation of
25  Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation
26  and $1,000 for each aggrieved employee per pay period for each subsequent violation;

27      g.      As applicable, civil penalties under Labor Code §§203 and/or 256 (in addition to
28  and entirely independent and apart from any other penalty provided in the Labor Code), for any aggrieved

1  employee who was discharged or quit, and was not paid all earned wages at termination in accordance
2  with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay,
3  at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum
4  of thirty (30) days; and

5          h.      As applicable, any and all additional applicable civil penalties and sums as
6  provided by the Labor Code and/or other relevant statutes.

7      156.    In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all penalties
8  obtained under Labor Code §2699 to be allocated to the LWDA, for education of employers and
9  employees about their rights and responsibilities under the Labor Code, and twenty-five percent (25%)
10  to the aggrieved employees.

11      157.    Pursuant to Labor Code §218.6 and Civil Code §3287, these aggrieved employees seek
12  recovery of pre-judgment interest on all amounts recovered herein.

13      158.    Further, Plaintiffs are entitled; to recover reasonable attorneys' fees and costs pursuant
14  to Labor Code §§2699(g)(1) and any other applicable statute.

15  **THIRTEENTH CAUSE OF ACTION**
16  **FOR UNFAIR COMPETITION**
17  **BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**
18  **AGAINST ALL DEFENDANTS**

19      159.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as
20  though set forth in full herein.

21      160.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and
22  include any unlawful, unfair or fraudulent business act…"

23      161.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or
24  penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties
25  available under all other laws of this state."

26      162.    B&PC §17204 provides that an action for relief from unfair competition may be
27  prosecuted by any person who has suffered injury in fact and has lost money or property as a result of
28  such unfair competition.

-28-

163. Defendants' have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

164. Defendants have engaged in unfair business practices in California by practicing, employing, and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

165. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

166. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

167. Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

168. Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

169. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

170. Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

As to the First, Second, Fourth, and Fifth Causes of Action for FEHA Violations and Wrongful Termination:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

As to the Third Cause of Action for Retaliation in violation of the Labor Code:

6.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

7.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

8.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9.    For a statutory penalty of $10,000, pursuant to Labor Code § 98.6, et seq.;

10.    For a statutory penalty of $10,000, pursuant to Labor Code § 1102.5, et seq.;

As to the Sixth Cause of Action for Failure to Pay Regular and Minimum Wages:

11.    For payment of unpaid minimum wage compensation pursuant to Labor Code §§ 200, 201, 1194, 1194.2, 1197, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations

§11090, in the amount of approximately $35,000.00, and liquidated damages in the amount of approximately $20,000.00.

As to the Seventh Cause of Action for Failure to Pay Overtime Wages

12.    For payment of unpaid overtime compensation pursuant to Labor Code §§ 510, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $25,000.00;

As to the Eighth Cause of Action for Failure to Provide Meal and Rest Periods:

13.    For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $5,258.40;

As to the Ninth Cause of Action for Failure to Provide Itemized Wage and Hour Statements:

14.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

As to the Tenth Cause of Action for Waiting Time Penalties:

15.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $3,540.00;

As to the Eleventh Cause of Action for Failure to Permit Inspection of Personnel and Payroll Records:

16.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00;

17.    As a result of Defendants' failure and refusal to comply with Labor Code §226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00;

As to the Twelfth Cause of Action for Penalties Pursuant to Labor Code §2699:

18.    For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

19.    For civil penalties pursuant to Labor Code §558, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

a. For any violation, fifty dollars ($50) for each aggrieved underpaid employee for each pay period for which the employee was underpaid, and an additional penalty amount sufficient to recover the underpaid wages;

b. For each subsequent violation, one hundred dollars ($100) for each aggrieved underpaid employee for each pay period for which the employees was underpaid, and an additional penalty amount sufficient to recover the underpaid wages; and

c. For these amounts to be paid to the aggrieved employees;

20.   For civil penalties under Labor Code §1197.1, in addition to and entirely independent and apart from any other penalty provided in the Labor Code, for each violation of Labor Code §1197, in the amount of $100 for each aggrieved employee per pay period for each violation and $250 for each aggrieved employee per pay period for each subsequent violation;

21.   For civil penalties under Labor Code §210, in addition to and entirely independent and apart from any other penalty provided in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

22.   For civil penalties under Labor Code §225.5, in addition to and entirely independent and apart from any other penalty provided in the Labor Code, for each violation of Labor Code §221, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

23.   For civil penalties under Labor Code §226.3, in addition to and entirely independent and apart from any other penalty provided in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

24.   For civil penalties under Labor Code §§203 and/or 256, in addition to and entirely independent and apart from any other penalty provided in the Labor Code, in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

25. For prejudgment interest on all amounts recovered herein pursuant to Labor Code §218.6, Labor Code §1194(a), and/or Civil Code §3287;

26. For reasonable attorneys' fees and costs incurred pursuant to Labor Code §2699(g)(1) and any other applicable statute; and

27. For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

As to the Thirteenth Cause of Action for Unfair Business Practices:

28. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts refunded to the "aggrieved employees" who are owed monies by Defendants;

29. For injunctive relief compelling Defendants to report to federal and state authorities, wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

30. For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, and failure to pay wages and other compensation in accordance with the law;

As to All Causes of Action:

31. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code, Civil Code §1021.5, and/or any other basis;

32. For post-judgment interest; and

33. For any other relief that is just and proper.

DATED:  June 11, 2020                            **GUERRA & CASILLAS, LLP**

By:  _____
Ruben Guerra, Esq.
Tizoc Perez-Casillas, Esq.
Attorney for Plaintiff
OCTAVIO GOMEZ

-33-

1

### JURY TRIAL DEMANDED

2      Plaintiff demands trial of all issues by jury.

3

4  DATED:  June 11, 2020                   **GUERRA & CASILLAS, LLP**

5

6                          By: _____

7                          Ruben Guerra, Esq.
Tizoc Perez-Casillas, Esq.
Attorney for Plaintiff
OCTAVIO GOMEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 08/06/2020 11:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Case 2:20-cv-07123-GW-SK   Document 1   Filed 08/07/20   Page 47 of 107   Page ID #:47

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:    559.244.7500
4  Fax No.:       559.244.7525
   reddings@littler.com
5  smannan@littler.com

6  Attorneys for Defendant
   FIRST TRANSIT, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10  OCTAVIO GOMEZ, an individual,          Case No.  20STCV22910

11           Plaintiff,                    **DEFENDANT FIRST TRANSIT, INC.'S
                                           GENERAL DENIAL AND AFFIRMATIVE
12      v.                                 DEFENSES TO PLAINTIFF'S COMPLAINT**

13  FIRST TRANSIT, INC.; and DOES 1        ASSIGNED FOR ALL PURPOSES TO
    through 20, inclusive,                 JUDGE JOHN P. DOYLE
14
             Defendants.                   Trial Date:  TBD
15                                         Complaint Filed:  June 17, 2020

16

17

18          Defendant FIRST TRANSIT, INC. ("Defendant"), answering the Complaint of

19  Plaintiff OCTAVIA GOMEZ ("Plaintiff") for itself alone and for no other Defendants, hereby answers

20  Plaintiff's unverified Complaint (the "Complaint")  as follows:

21                              **GENERAL DENIAL**

22          Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

23  Defendant denies generally and specifically each and every allegation contained in the Complaint.  In

24  addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

25  manner or amount alleged, or otherwise, by reason of any act or omission,  or any other conduct or

26  absence thereof on the part of said Defendant.

27  / / /

28  / / /
                                                                                    1.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

1    **AFFIRMATIVE DEFENSES**

2    Without waiving or excusing the burden of proof of Plaintiff, or admitting that

3    Defendant has any burden of proof or persuasion, and incorporating herein by reference each and

4    every allegation made in the General Denial, Defendant asserts the following affirmative defenses.

5    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will

6    reveal facts in support of the following:

7    **FIRST AFFIRMATIVE DEFENSE**

8    1.    As a separate and distinct affirmative defense, Defendant alleges that the

9    Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause

10   of action upon which relief can be granted.

11   **SECOND AFFIRMATIVE DEFENSE**

12   2.    As a separate and distinct affirmative defense, Defendant alleges that the

13   Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

14   **THIRD AFFIRMATIVE DEFENSE**

15   3.    As a separate and distinct affirmative defense, Defendant alleges that the

16   Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

17   **FOURTH AFFIRMATIVE DEFENSE**

18   4.    As a separate and distinct affirmative defense, Defendant alleges that the

19   Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

20   **FIFTH AFFIRMATIVE DEFENSE**

21   5.    As a separate and distinct affirmative defense, Defendant alleges that the

22   Complaint and each cause of action set forth therein are barred by the doctrine of laches.

23   **SIXTH AFFIRMATIVE DEFENSE**

24   6.    As a separate and distinct affirmative defense, Defendant alleges that the

25   Complaint and each cause of action set forth therein are barred by the doctrine of consent.

26   **SEVENTH AFFIRMATIVE DEFENSE**

27   7.    As a separate and distinct affirmative defense, Defendant alleges that to the

28   extent further investigation and discovery reveals any after-acquired evidence that bars any or certain

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1  remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained

2  against Defendant.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4       8.   As a separate and distinct affirmative defense, Defendant alleges that the

5  Complaint and each cause of action set forth therein cannot be maintained against Defendant because

6  Plaintiff was an at-will employee at all relevant times, with no entitlement to continued employment

7  pursuant to California Labor Code section 2922.

8  **NINTH AFFIRMATIVE DEFENSE**

9       9.   As a separate and distinct affirmative defense, Defendant is informed and

10  believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's

11  claims are barred by her failure to comply with the terms, conditions, covenants, and promises required

12  to be performed by Plaintiff in accordance with the policy, or any other agreement or agreements,

13  including but not limited to the applicable collective bargaining agreement(s).

14  **TENTH AFFIRMATIVE DEFENSE**

15       10.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

16  failed to take a reasonable affirmative action to mitigate his damages as they are alleged in the

17  Complaint, and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the

18  extent that Plaintiff has failed to mitigate his damages, if any, including but not limited to his failure

19  to make reasonable efforts to seek and retain subsequent employment substantially similar to his

20  employment with Defendant.

21  **ELEVENTH AFFIRMATIVE DEFENSE**

22       11.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

23  claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

24  **TWELFTH AFFIRMATIVE DEFENSE**

25       12.   As a separate and distinct affirmative defense, Defendant alleges that the

26  Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if

27  any discriminatory, retaliatory, or otherwise unlawful motive existed in connection with any actions

28  taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

3.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1  conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

2  ### THIRTEENTH AFFIRMATIVE DEFENSE

3        13.    As a separate and distinct affirmative defense, Defendant alleges that the

4  Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendant

5  acted reasonably in good faith, in conformity with and in reliance on written administrative

6  regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies,

7  and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

8  ### FOURTEENTH AFFIRMATIVE DEFENSE

9        14.    As a separate and distinct affirmative defense, Defendant alleges that the

10  Complaint and each cause of action set forth therein cannot be maintained against Defendant because

11  Defendant's acts or omission alleged in the Complaint were protected by the managerial privilege as

12  all actions taken with respect to Plaintiff were undertaken and exercised with proper managerial

13  discretion in good faith, and for legitimate, lawful reasons.

14  ### FIFTEENTH AFFIRMATIVE DEFENSE

15        15.    As a separate and distinct affirmative defense, Defendant alleges, without

16  admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any

17  such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a

18  result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons

19  without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to

20  Defendant at the time it acted.

21  ### SIXTEENTH AFFIRMATIVE DEFENSE

22        16.    As a separate and distinct affirmative defense, Defendant alleges that any

23  unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

24  employees were outside the course and scope of their employment and authority, and such acts, if any,

25  were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should

26  not have known of such conduct.

27  ///

28  ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1  **SEVENTEENTH AFFIRMATIVE DEFENSE**

2  17.   As a separate and distinct affirmative defense, Defendant alleges that the

3  Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust

4  administrative remedies.

5  **EIGHTEENTH AFFIRMATIVE DEFENSE**

6  18.   As a separate and distinct affirmative defense, Defendant alleges that the

7  Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that

8  they exceed the scope of the charges made by Plaintiff before the California Department of Fair

9  Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

10  **NINETEENTH AFFIRMATIVE DEFENSE**

11  19.   As a separate and distinct affirmative defense, Defendant alleges that the

12  Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

13  relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly

14  correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies

15  occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-

16  retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which

17  were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

18  internal grievance and/or complaint procedure and any preventive or corrective opportunities provided

19  to her by Defendant or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's

20  procedures would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly

21  suffered.

22  **TWENTIETH AFFIRMATIVE DEFENSE**

23  20.   As a separate and distinct affirmative defense, Defendant alleges that the

24  Complaint and each cause of action set forth therein cannot be maintained against Defendant because

25  Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those

26  set forth in California Code of Civil Procedure sections 338(a) and 339(1), California Government

27  Code sections 12960 and 12965, and California Business and Professions Code section 17208.

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

5.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and California Labor Code section 132(a) and accordingly, this Court lacks subject matter jurisdiction over said claims.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, because (1) any actions, conducts, statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any officer, director, or managing agent thereof; (2) Defendant's good faith efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and (3) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the recovery of punitive damages under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable. (See Cal. Civ. Code, § 3294(b).)

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that any award of punitive, exemplary, or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under

6.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     As a separate and distinct affirmative defense, Defendant alleges that it was not required to and/or did not fail to provide meal or rest periods pursuant to the California Labor Code, applicable wage orders issued by the Industrial Wage Commission, or any other basis.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     As a separate and distinct affirmative defense, Defendant alleges if Plaintiff did not take meal or rest breaks, it was because he (1) failed to take breaks that were provided to him in compliance with California law, (2) chose not to take the breaks that were authorized and permitted, or (3) waived his right to rest breaks.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendant alleges that Plaintiffs causes of action for meal period and rest break liability fail, in whole or in part, because Defendant provided employees with a reasonable opportunity to take full and uninterrupted meal periods and rest breaks and work performed by employees after Defendant did so was voluntary on the part of employees.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, to the extent that the laws asserted governing meal and rest breaks conflict with federal or California regulation of transportation or the transportation industry.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in Plaintiff's Complaint, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

7.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 90704 2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Defendant alleges that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered or sustained any loss, damage or injury, Defendant is not liable for such damages as Defendant would be entitled to indemnification from third persons and/or entities.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     As a separate and distinct affirmative defense, without admitting that any violation took place, Defendant alleges that any alleged failure to provide Plaintiff with wage statements in conformity with Labor Code section 226, to maintain records pursuant to Labor Code section 1174, to pay Plaintiff timely and properly, or any other alleged violation of the California Labor Code, was not knowing, intentional, or willful, and was the responsibility of third parties.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff was not suffered or permitted to work during any time for which he was not paid the appropriate wage rate, including the proper minimum wage and overtime rates.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.     As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claim for penalties, including waiting time penalties under Labor Code section 201-203 are barred because (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owing, (2) Defendant had not intentionally or willfully failed to pay such additional compensation, and (3) to impose penalties in this action would be inequitable or unjust.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint cannot be maintained because purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

/ / /

8.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

2          36.     As a separate and distinct affirmative defense to the Complaint, Defendant

3    alleges that Plaintiff's claims under the Private Attorneys' General Act are barred because PAGA is

4    unconstitutional under both the United States and California Constitutions and the imposition of

5    penalties pursuant to PAGA would constitute a denial of Defendant's due process rights and right to

6    a trial by jury, both substantive and procedural, in violation of the Due Process and Equal Protection

7    clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal

8    Protection clauses of Article I, Section 7 of the California Constitution.

9

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10          37.     As a separate and distinct affirmative defense to the Complaint, Defendant

11   alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part,

12   because Plaintiff failed to satisfy a condition precedent to commencement of a civil claim under Labor

13   Code section 2698, *et seq.*

14

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

15          38.     As a separate and distinct affirmative defense to the Complaint, Defendant

16   alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part,

17   because an award of civil penalties would result in the imposition of excessive fines in violation of the

18   Eighth Amendment to the United States Constitution and Article I, Section 7 of the California

19   Constitution.

20

### THIRTY-NINTH AFFIRMATIVE DEFENSE

21          39.     As a separate and distinct affirmative defense to the Complaint, Defendant

22   alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part,

23   because Plaintiff lacks standing to bring his claims because Plaintiff was not injured and did not suffer

24   harm from the violations alleged, and is therefore not an "aggrieved employee" under the California

25   Private Attorneys General Act ("PAGA") and because Plaintiff is not entitled to equitable relief

26   because he is no longer employed by Defendant.

27   ///

28   ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1

**FORTIETH AFFIRMATIVE DEFENSE**

2    40.  As a separate and distinct affirmative defense, Defendant is informed and

3 believes and thereon alleges that the Complaint and each cause of action alleged therein cannot be

4 maintained against Defendant insofar as those claims are preempted by the National Labor Relations

5 Act, 29 U.S.C. § 151 et seq., and therefore this Court lacks subject matter jurisdiction over said claims.

6

7

**RESERVATION OF ADDITIONAL DEFENSES**

8    Defendant alleges that because the Complaint is couched in conclusory terms, all

9 affirmative defenses that may be applicable cannot be fully anticipated. Accordingly, the right to

10 assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

11 is reserved. In addition, Defendant reserves the right to amend this answer should Defendant later

12 discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

13 should a change in the law support the inclusion of new and/or additional affirmative defenses.

14

**JURY DEMAND**

15    Defendant requests trial by jury on all causes of action triable to a jury.

16

**PRAYER**

17    WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

18    1.  That Plaintiff takes nothing by the way of the Complaint on file herein;

19    2.  That judgment be awarded in favor of Defendant;

20    3.  That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

21    4.  That Defendant be awarded all costs of suit incurred by it in this action;

22    5.  That Defendant be awarded its reasonable attorneys' fees; and

23    6.  For such other and further relief as the Court may deem just and proper.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

10.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1    Dated:          August 6, 2020

2

3                                         _____
                                          RYAN L. EDDINGS
4                                         SYED H. MANNAN
                                          LITTLER MENDELSON, P.C.
5                                         Attorneys for Defendant
                                          FIRST TRANSIT, INC.
6

7    4835-9894-0356.2
     8/6/20

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1

**PROOF OF SERVICE**

2

3

        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On August 6, 2020, I served the within document(s):

4

5

        **DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

6

7

8

9

10

11

☐    **By personal service.**  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

12

☐    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

13

14

      ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

17

18

      ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

        I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

21

22

23

☐    **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

24

25

26

☐    **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

☐     **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒     **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Ruben Guerra, Esq.                 *Counsel for Plaintiff*
Tizoc Perez-Casillas, Esq.
GUERRA & CASILLAS, LLP
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Telephone: (213) 437-9495
Facsimile: (213) 342-5503
ruben@guerracasillas.com
tizoc@guerracasillas.com

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 6, 2020, at Fresno, California.

_____
Jennifer A. Drudge

4846-2693-6519.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

PROOF OF SERVICE

# EXHIBIT "C"

 **CT Corporation**

**Service of Process Transmittal**
07/10/2020
CT Log Number 537924766

**TO:** Andrew Pugh
FirstGroup America, Inc.
600 Vine St Ste 1400
Cincinnati, OH 45202-2426

**RE:** **Process Served in California**

**FOR:** First Transit, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OCTAVIO GOMEZ, ETC., PLTF. vs. FIRST TRANSIT, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV22910 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/10/2020 at 14:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/10/2020, Expected Purge Date: 07/15/2020<br><br>Image SOP<br><br>Email Notification,  Andrew Pugh  Andreww.Pugh@firstgroup.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**            Fri, Jul 10, 2020

**Server Name:**     Victor Mendez

**Location:**        Panorama City , CA-LA


Entity Served        FIRST TRANSIT, INC.

Agent Name           C T CORPORATION SYSTEM

Case Number          20STCV22910

Jurisdiction         CA-LA



Electronically FILED by Superior Court of California, County of Los Angeles on 06/23/2020 02:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  |  |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* <br><br>FIRST TRANSIT, INC.; and DOES 1 through 20, inclusive, <br><br>**YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br>OCTAVIO GOMEZ, an individual, | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court <br><br>111 N. Hill Street <br>Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* <br><br>20STCV22910 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Guerra & Casillas, LLP | 617 S Olive St, Ste 1206, Los Angeles, CA 90014 | 213-437-9495

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 06/23/2020 | Clerk, by *(Secretario)* V. Delgadillo | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FIRST TRANSIT, INC.

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Case 2:20-cv-07123-GW-SK Document 1 Filed 08/07/20 Page 64 of 107 Page ID #:64
20STCV22910
Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2020 02:55 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> ⌐Ruben Guerra, Esq. (SBN 291446) Tizoc Perez-Casillas, Esq. (SBN 309981) <br> Guerra & Casillas, LLP <br> 617 S. Olive St., Ste. 1206 <br> Los Angeles, CA 90014 <br>   TELEPHONE NO.: 213-437-9495    FAX NO.: 213-342-5503 <br> ATTORNEY FOR *(Name):* Plaintiff, Octavio Gomez | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles |
|---|
|   STREET ADDRESS: 111 N. Hill Street |
|   MAILING ADDRESS: 111 N. Hill Street |
|   CITY AND ZIP CODE: Los Angeles, CA 90012 |
|   BRANCH NAME: Central Division - Stanley Mosk |

| CASE NAME: <br> Gomez v. First Transit, Inc. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: <br> 20STCV22910 |
|---|---|---|
| [✓] Unlimited    [ ] Limited <br>   (Amount      (Amount <br>   demanded     demanded is <br>   exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br>   (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |     condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/11/2020
Ruben Guerra
         (TYPE OR PRINT NAME)                 ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

                                                         Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET.

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Gomez v. First Transit, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Gomez v. First Transit, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE: Gomez v. First Transit, Inc.                                                     CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Gomez v. First Transit, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| □ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | | | 1950 East Washington |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90021 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 06/11/2020

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
**KEVIN KISH, DIRECTOR**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 12, 2020

Tizoc Perez-Casillas
617 SOUTH OLIVE STREET SUITE 1206
Los Angeles, California 90014

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202006-10404212
       Right to Sue: Gomez / First Transit, Inc.

Dear Tizoc Perez-Casillas:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 12, 2020

RE: **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202006-10404212
      Right to Sue: Gomez / First Transit, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 12, 2020

Octavio Gomez
617 S Olive St 1206
Los Angeles, California 90014

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202006-10404212
      Right to Sue: Gomez / First Transit, Inc.

Dear Octavio Gomez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 12, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4
5

**In the Matter of the Complaint of**
Octavio Gomez

DFEH No. 202006-10404212

6
7

Complainant,

vs.

8
9

First Transit, Inc.
600 Vine Street. Ste. 1200
Cincinnati, Ohio 45202

10
11

Respondents

_____

12
13

1. Respondent **First Transit, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

2. Complainant **Octavio Gomez**, resides in the City of **Los Angeles** State of **California**.

15
16

3. Complainant alleges that on or about **July 3, 2019**, respondent took the following adverse actions:

17

**Complainant was harassed** because of complainant's age (40 and over).

18
19

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated.

20
21

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

22
23
24
25

**Additional Complaint Details:** On or around November 1, 2017 FIRST TRANSIT, INC. ("Respondent") hired OCTAVIO GOMEZ ("Gomez") to work as a driver. Gomez was a full-time, non-exempt employee, and performed all of his job duties satisfactorily before he was ultimately terminated on or about July 20, 2019. At the time of his termination, Gomez was 70 years old.

26
27

-1-

28

Date Filed: June 12, 2020

As a driver for Respondent, Gomez was in charge of driving a multi-passenger vehicle in which he was tasked to transport persons who were elderly or disabled. The routes were predetermined whereby Gomez was scheduled to arrive at a particular stop at a certain time. Because of traffic or other intervening variables, arriving at a stop at a particular time with exactitude was not always possible; however, Gomez typically arrived within a reasonable approximation, usually within 2 or 3 minutes prior to or after the schedule arrival time.

For months prior to Gomez's termination, Respondent, by and through its management, agents, or other employees, knowingly and intentionally began to discriminate and harass Gomez by imposing groundless and baseless discipline and eventually terminated him for the purpose of replacing him with younger employees.

Frequently during Gomez's tenure, "Valerie," the Road Supervisor, would tail or follow closely behind Gomez, while he was on his route and hyperscrutinize Gomez's driving. Valerie would force Gomez to pull over by signaling him to do so, and then she would board the passenger vehicle he was driving to chastise Gomez in front of passengers. Valerie yelled at Gomez in such a loud and rude manner that some of the passengers, who were regular passengers, voiced concern as to why she felt it necessary to address Gomez that way.

On one such occasion, Valerie accused Gomez of being 15 minutes too early, which was false. In fact, Gomez had not even been on his route for 15 minutes, so it would have been impossible for him to be that early.

On a separate occasion, Valerie again tailed Gomez and forced him to stop while he was on his route. She yelled at him in front of the passengers again and accused him of "capping," meaning he had purposely taken a shortcut in an effort to avoid picking up passengers. This was patently false, and Gomez is informed and believes and thereon alleges that Valerie knew this to be false. The truth was that the roads were being repaired on Gomez's regular route, which necessarily required him to take an alternate route, pursuant to the "detour" signs posted on the road. Gomez had previously informed Respondent that a "re-route" was required because

-2-

Date Filed: June 12, 2020

of the road work, but that did not stop Valerie from making these knowingly false accusations against Gomez.

Another one of the Route Supervisors, "Margarita," also engaged in similar harassing conduct. For example, she accused Gomez of refusing to pick up a passenger who was in a wheelchair, but that too was false. She yelled at Gomez in front of his coworkers prior to the start of his shift.

In or around July 2019, Gomez complained about the harassment, the obvious false accusations, the frequent tailing and stops while he was on his route, and he complained about not having received his breaks on time or a premium payment in lieu thereof, and complained about not having been properly for hours worked. He made these complaints to "Bert," to "Heidi," and to "Narcisa," all of whom were in positions of authority and could and should have acted to remedy and/or prevent further harassment, retaliation, and discrimination, which they failed to do.

On or around July 3, 2019, Gomez was terminated from his position with Respondent.

Respondents harassed and retaliated against Gomez by subjecting him to a hostile work environment as set forth above, by failing to take action on the harassment as it was reported by Gomez, and finally by terminating him from his position after he reported the harassing and hostile behaviors to his superiors.

Gomez's termination was substantially motivated by Gomez's age, engagement in protected activities, and/or his complaints about wage and hour violations. Respondents failed to address in any meaningful or effective manner, failed to remedy, and failed to prevent such unlawful conduct as alleged herein against Gomez.

Date Filed: June 12, 2020

1  Based on the events set forth above, Gomez believes that Respondent
2  discriminated, and retaliated against and terminated him based upon his age and/or
   engagement in protected activity.  Respondent also failed or refused to stop and
3  prevent discrimination, and retaliation against Gomez, and wrongfully terminated
   him.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
                                  -4-
28
   Date Filed: June 12, 2020

1  VERIFICATION

2  I, **Tizoc Perez-Casillas**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On June 12, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Los Angeles, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -5-

28  Date Filed: June 12, 2020

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING        )
FOR CIVIL                            )
                                     )
                                     )
                                     )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
       **STIPULATION – DISCOVERY RESOLUTION**
               Page 2 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

**h.** Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

**i.** Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

**2.** The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                    (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

**3.** The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

**4.** References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )
Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY (OR PARTY WITHOUT ATTORNEY) | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:     _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases)

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)

JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204

Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145

Only MCLA provides mediation in person, by phone and by videoconference

These organizations cannot accept every case and they may decline cases at their discretion

Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them

NOTE: This program does not accept family law, probate or small claims cases.

**Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

Small claims, unlawful detainers (evictions) and at the Spring Street Courthouse limited civil:

o  Free day-of-trial mediations at the courthouse. No appointment needed.

o  Free or low-cost mediations before the day of trial.

o  For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:

http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer_EngSpan.pdf

Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/17/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: ____M. Barel____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV22910 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | John P. Doyle | 58 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 06/17/2020
(Date)

By M. Barel , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT "D"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA 93704.2225
   Telephone:   559.244.7500
4  Fax No.:      559.244.7525
   reddings@littler.com
5  smannan@littler.com

6  Attorneys for Defendant
   FIRST TRANSIT, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10 OCTAVIO GOMEZ, an individual,          Case No. 20STCV22910

11              Plaintiff,                **DEFENDANT FIRST TRANSIT, INC.'S
                                          NOTICE TO PLAINTIFF OF REMOVAL OF
12      v.                                CIVIL ACTION TO FEDERAL COURT**

13 FIRST TRANSIT, INC.; and DOES 1        ASSIGNED FOR ALL PURPOSES TO
   through 20, inclusive,                 JUDGE JOHN P. DOYLE
14
                Defendants.               Trial Date:  TBD
15                                        Complaint Filed:  June 17, 2020

16

17

18         TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

19         PLEASE TAKE NOTICE THAT on August 7, 2020, Defendant FIRST TRANSIT,

20 INC. ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in the

21 United States District Court for the Central District of California.  A true and correct copy of

22 Defendant's Notice of Removal is attached hereto as Exhibit 1.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1.
DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

1

2    Dated:        August 7, 2020

3

4                                          RYAN L. EDDINGS
                                           SYED H. MANNAN
5                                          LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant
6                                          FIRST TRANSIT, INC.

7    4826-8510-6628.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.

DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

**PROOF OF SERVICE**

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On August 7, 2020, I served the within document(s):

       **DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐    **By personal service.**  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one)*:

    ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

       I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

☐    **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

1

☐     **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

2

3

4

☒     **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

5

6

Ruben Guerra, Esq.                       *Counsel for Plaintiff*

7

Tizoc Perez-Casillas, Esq.
GUERRA & CASILLAS, LLP

8

617 South Olive Street, Suite 1206
Los Angeles, California 90014

9

Telephone: (213) 437-9495
Facsimile: (213) 342-5503

10

ruben@guerracasillas.com

11

tizoc@guerracasillas.com

12

13

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

14

15

16

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 7, 2020, at Fresno, California.

17

18

19

                                    Jennifer A. Drudge

20

4846-2693-6519.1

21

22

23

24

25

26

27

28

2.

PROOF OF SERVICE

EXHIBIT "E"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA 93704.2225
   Telephone:    559.244.7500
4  Fax No.:      559.244.7525
   reddings@littler.com
5  smannan@littler.com

6  Attorneys for Defendant
   FIRST TRANSIT, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10 OCTAVIO GOMEZ, an individual,          Case No. 20STCV22910

11              Plaintiff,               **DEFENDANT FIRST TRANSIT, INC.'S**
                                         **NOTICE TO STATE COURT OF REMOVAL**
12       v.                              **OF CIVIL ACTION TO FEDERAL COURT**

13 FIRST TRANSIT, INC.; and DOES 1        ASSIGNED FOR ALL PURPOSES TO
   through 20, inclusive,                 JUDGE JOHN P. DOYLE
14
                Defendants.               Trial Date: TBD
15                                        Complaint Filed:  June 17, 2020

16

17

18       TO THE CLERK OF THE ABOVE-TITLED COURT:

19            PLEASE TAKE NOTICE that on August 7, 2020, the above-captioned matter was

20 removed from the Superior Court of the State of California, County of Los Angeles, where it was

21 previously pending, to the United States District Court for the Central District of California, pursuant

22 to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by Defendant FIRST

23 TRANSIT, INC., is attached hereto as Exhibit 1.

24            PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

25 of a Notice of Removal in the United States District Court, together with the filing of a copy of a

26 Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

27 may proceed no further unless and until the case is remanded.

28 / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Dated:          August 7, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

4833-7520-0708.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On August 7, 2020, I served the within document(s):

**DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

     ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

     ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

☐ **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Ruben Guerra, Esq.                          *Counsel for Plaintiff*
Tizoc Perez-Casillas, Esq.
GUERRA & CASILLAS, LLP
617 South Olive Street, Suite 1206
Los Angeles, California  90014
Telephone: (213) 437-9495
Facsimile: (213) 342-5503
ruben@guerracasillas.com
tizoc@guerracasillas.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on August 7, 2020, at Fresno, California.

Jennifer A. Drudge

4846-2693-6519.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.