UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07123-GW (SKx) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Octavio Gomez v. First Transit, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING MOTION TO REMAND AND STRIKING FIRST AMENDED COMPLAINT**

     Octavio Gomez ("Plaintiff") has filed a motion to remand in this case, set for hearing on October 8, 2020. In it, he asserts that two individuals, who he asserts are defendants and are citizens of California, destroy the complete diversity of citizenship upon which First Transit, Inc. ("Defendant") removed this action to this Court from Los Angeles County Superior Court, and violate the no-local-defendant rule. The Court finds that the motion can be resolved without further arguments (oral or otherwise) from the parties. Therefore, pursuant to C.D. Cal. L.R. 7-15, the October 8, 2020 hearing on the motion to remand is taken off-calendar. For the reasons stated herein, the motion is DENIED.

     The two individuals Plaintiff asserts are defendants in this action are not, in fact, defendants. Plaintiff filed an amended complaint in state court to add the two individuals as defendants, but did so *after* Defendant had already removed the case and gave notice to the state court of that removal. That amendment was therefore a nullity. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) ("Phillips & Stevenson"), ¶¶ 2:3525-3527; *see also* Notice of Removal, Exh. E, Docket No. 1, at pgs. 104-07 of 107 (Notice to State Court of Removal).

     Apparently, during the parties' meet-and-confer-based discussions prior to Plaintiff filing his motion to remand, Defendant advised Plaintiff of this problem and indicated that Plaintiff would first need to seek leave to amend his Complaint here in this Court. Plaintiff did not do so prior to filing the motion. Instead, on September 29, 2020, Plaintiff filed a First Amended Complaint (*see* Docket No. 16) after Defendant had filed its Opposition to the motion, and he did so without seeking leave from the

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07123-GW (SKx) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Octavio Gomez v. First Transit, Inc.* | | |

Court. Plaintiff was not allowed to file an amendment-as-of-right under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 15(a)(1), and therefore was required to seek leave – as Defendant had advised him – in order to be able to amend. Given that the Court did not give permission for Plaintiff to file the FAC, it now strikes the FAC from the docket. If Plaintiff wishes to add the two individual defendants to this action, he will have to properly move for permission to do so. *See* 28 U.S.C. § 1447(e); Fed. R. Civ. P. 15(a)(2); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *see also* Phillips & Stevenson ¶¶ 2:3642-3651.

Because the two individuals in question were not named as defendants at the time of removal, their citizenship did not have to be taken into account in assessing the existence of complete diversity (nor did Defendant have to satisfy the difficult "fraudulent joinder" standard in order to avoid consideration of their citizenships). *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe*, 157 F.3d at 690 (concluding that a district court was correct "in only considering the domicile of the named defendants" because "the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal"); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity.").[1] In addition, because those individuals had not, by that time, been properly joined-and-served as defendants, there was no no-local-defendant-rule violation under 28 U.S.C. § 1441(b)(2). *See Spencer v. U.S Dist. Ct. for N. Dist. of Cal. (Altec Indus., Inc.)*, 393 F.3d 867, 871 (9th Cir. 2004) ("The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed."). Even if they were properly joined-and-served at some point in time *after* removal (and, in light of the impropriety of Plaintiff filing the FAC, they have not been), that obviously cannot create such a violation *at the time of* removal.

---

[1] Though there are a handful of district court decisions supporting the view – seemingly running afoul of the plain-language of Section 1441(b)(1) – that "where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant," *Marshall v. CSX Transp. Co., Inc.*, 916 F.Supp. 1150, 1152 (M.D. Ala. 1995), this Court is not aware of the Ninth Circuit – or even any *published* district court decision from within the Ninth Circuit – ever adopting this position. Because it appears to conflict with the plain wording of Section 1441(b)(1), this Court does not adopt that position whether or not Plaintiff's allegations in his original Complaint would suffice under that approach.

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07123-GW (SKx) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Octavio Gomez v. First Transit, Inc.* | | |

     There was complete diversity at the time of removal, and Plaintiff has not attempted to contest that the minimum amount-in-controversy exists.  As such, the Court denies the motion to remand.  The October 8, 2020, hearing date is vacated.  *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").  In addition, Docket Number 16, and the Summons issued thereon (Docket Numbers 18 and 19) are declared null-and-void.

                                                              :

Initials of Preparer    JG